IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MARK A. DROUIN, #L3623**                                                                       **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO.  3:05cv075TSL-AGN**

**CAPTAIN NICKEL, SARGENT MOORE
and OFFICER WEST**                                                                **DEFENDANTS**

<u>OPINION AND ORDER</u>

On February 3, 2005, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested <u>in forma pauperis</u> status. On February 25, 2005, three orders were entered by this court. One order [5-1] directed the plaintiff to pay the required $150.00 filing fee or file a completed <u>in forma pauperis</u> application, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts, or to file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court, within twenty days. The plaintiff was warned in this court's order [5-1] that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint. The plaintiff failed to comply.

Another order [6-1] directed the plaintiff to file an amended complaint to provide the court with certain information concerning his claims, within twenty days. The plaintiff was warned in this court's order [6-1] that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint. The plaintiff has not filed an amended complaint, thereby failing to comply with this court's order.

In addition, the court entered an order [7-1] that directed the plaintiff to show cause in writing within fifteen days from the date of this order as to why this case should not be dismissed

for failure to exhaust his administrative remedies, and further directed the plaintiff to file a certificate and third step response from the administrator of the Administrative Remedy Program stating that he has exhausted his administrative remedies.  Again, the plaintiff failed to comply with the court's order [7-1].

Out of an abundance of caution, this court elected to provide the plaintiff with one more opportunity to comply with its orders of February 25, 2005, prior to dismissing this cause.  On April 4, 2005, the Court entered an order [8-1] to show cause, directing the plaintiff to file a written response, within fifteen days, stating why this cause should not be dismissed for his failure to comply with three court orders [5-1, 6-1, & 7-1], and further directed the plaintiff to comply with the orders as directed therein.  A copy of the order was mailed to the plaintiff at his last known address.  The plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.  Again, the plaintiff failed to comply with an order of this court.

According to the court records, the plaintiff has failed to communicate with the court, either to inquire as to the status of his case or to attempt to comply with the court's orders.  The plaintiff's failure to comply with four court orders or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.  This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.  Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

    A final judgment in accordance with this opinion and order will be entered.

    This the   9th   day of May, 2005.


                                                  /s/ Tom S. Lee  
                                                   UNITED STATES DISTRICT JUDGE